UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                          :

LINDA HALL,                              :
                                          :

                      Plaintiff,       :              **MEMORANDUM DECISION**

                      - against -        :              **AND ORDER**
                                          :

BJ'S WHOLESALE CLUB, INC.,      :      23-cv-1343 (BMC)
                                          :

                     Defendant.      :
                                          :
---------------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Linda Hall brought this action against defendant BJ's Wholesale Club, Inc., alleging that she slipped and fell in a puddle in defendant's store and that defendant is responsible for her resulting injuries. Defendant moves for summary judgment. Because statements that may have been made by defendant's employee create a genuine dispute of material fact about whether defendant caused the dangerous condition that injured plaintiff, the motion is denied.

## BACKGROUND

      While shopping at a BJ's store, plaintiff slipped and fell on a "brownish, dirty liquid puddle," injuring her knee. She asked a BJ's employee to bring her to the manager, and then filled out an accident report form with the alleged manager. The next day, she returned with her husband and asked again to speak with a manager. A BJ's employee brought plaintiff to the same woman who had been identified as the manager the day before. Plaintiff does not remember that alleged manager's name, nor whether she wore a uniform or nametag. The alleged manager told plaintiff that she had seen the accident on video and that plaintiff had

slipped in chicken juice that was spilled by another BJ's employee while "moving something." Plaintiff's allegations about that conversation are the primary support for her claim.

In its motion for summary judgment, defendant argues that the conversation with the alleged manager is hearsay and that the exception for opposing-party statements is inapplicable, since there is insufficient evidence that the statements were made by a BJ's employee. I disagree and therefore grant the motion for summary judgment.

## DISCUSSION

Because this action was removed from state court based on diversity jurisdiction, New York law governs the substantive elements of the claim, but federal law applies to its procedural aspects. See Hanna v. Plumer, 380 U.S. 460, 465 (1965). Federal Rule of Civil Procedure 81(c)(1) expressly provides that "these rules apply to a civil action after it is removed from state court." Similarly, Federal Rule of Evidence 101 provides that the Federal Rules of Evidence apply in federal court.

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party must put forward some "concrete evidence from which a reasonable juror could return a verdict in his favor." Id. at 256. "[A]t the summary judgment stage, the district court is not permitted to make credibility determinations or weigh the evidence[.]" Kee v. City of New York, 12 F.4th 150, 166 (2d Cir. 2021). When deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Of

course, the evidence to be considered must be admissible under the Federal Rules of Evidence. Fed. R. Civ. P. 56(c)(2).

Plaintiff's claim sounds in negligence. "Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt., 64 F.4th 441, 445 (2d Cir. 2023). "In premises liability actions alleging an injury caused by a defective condition, the plaintiff must show that the landowner either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." Baez v. Jovin III, LLC, 41 A.D.3d 751, 752, 839 N.Y.S.2d 201, 202 (2nd Dep't 2007). "To establish that a defendant created a hazard, a plaintiff must show that the creation was an affirmative, deliberate and intentional act by defendant." Cousin v. White Castle Sys., Inc., No. 06-cv-6335, 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009) (citing New York law). "The doctrine of *respondeat superior* renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment . . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment." Kelly v. Starr, 181 A.D.3d 799, 801, 120 N.Y.S.3d 373, 375 (2nd Dep't 2020).

Defendant argues that the alleged manager's statements regarding plaintiff's injury are inadmissible hearsay. Defendant recognizes that statements made by a BJ's employee on a matter within the scope of employment constitute opposing-party statements and are therefore not hearsay under Federal Rule of Evidence 801(d)(2)(D), but argues that plaintiff has not sufficiently established that the statements were made by a BJ's employee. If that were true, then the alleged manager's statements would be inadmissible, as they would constitute out-of-

court statements offered for the truth of the matters asserted therein.  Fed. R. Evid. 801, 802.
And that would likely result in summary judgment for defendant, as plaintiff has offered no other
evidence that defendant created or had notice of the hazardous condition.

When a party seeks to introduce an alleged opposing-party statement but cannot establish
through direct evidence that the declarant is an agent of the opposing party, "the statement to be
introduced may not itself be relied upon to establish the alleged agency relationship."  Pappas v.
Middle Earth Condominium Association, 963 F.2d 534, 538 (2d Cir. 1992).  However, "this
foundational predicate may be established by circumstantial evidence."  Id.  The following
testimony from plaintiff's deposition provide circumstantial evidence that the woman with whom
she spoke was a BJ's manager.

- Immediately after the accident, a BJ's employee took plaintiff to "where the
  manager was at in the middle of the . . . rental, it's like a stand, that I guess the
  manager had there."

- The woman who was identified as the manager "gave [plaintiff] a white piece of
  paper and told [her] to write out what happened."

- When plaintiff returned to BJ's the day after the accident, she walked up to an
  employee and asked where she could find the manager.  The employee left to get
  the manager.  Then the same woman who had been identified as the manager the
  day before came down and spoke with plaintiff.

- The woman who had been identified as the manager provided plaintiff with the
  report that plaintiff had filled out the day before.  During that conversation, the
  woman who had been identified as the manager made the statements about the
  accident that defendant argues are hearsay.

4

These allegations support plaintiff's theory that the person with whom she spoke was a BJ's manager. The alleged manager was twice introduced as the manager by other BJ's employees and was in possession of the accident report that plaintiff had filled out with her on the day of the accident. Statements about events that occurred in a BJ's store presumably are within the scope of a BJ's manager's employment. Therefore, the manager's statements are opposing-party statements and not hearsay. Fed. R. Evid. 801(d)(2)(D).

Courts considering similar facts have held that statements by unidentified employees related to spills are admissible. See e.g. Smith v. Pathmark Stores, Inc., 485 F. Supp. 2d 235, 238-39 (E.D.N.Y. 2007) (admitting statement of unidentified store employee who told plaintiff "he was sorry for [plaintiff's] slip and fall, [and] he was supposed to clean it up"). Defendant may examine plaintiff or her husband at trial to undermine the validity of her story or raise a question as to whether she really spoke to anyone let alone a manager, but for the purposes of this motion, I will assume that the statement was made by a BJ's manager and, as I must on a motion for summary judgment, accept that the manager said what plaintiff claims she said.

Plaintiff alleges that the BJ's manager said the accident was captured on video and the slip was due to chicken juice that a BJ's employee had spilled on the floor while "moving something." Taking plaintiff's allegations in the light most favorable to her, that statement is sufficient to create a genuine dispute of material fact about whether a BJ's employee created the dangerous condition through an affirmative act, thereby causing plaintiff's injury. Assuming an employee caused the spill, there is also a genuine dispute of material fact about whether that employee was acting in furtherance of his or her employment when he or she negligently caused plaintiff's injury, which will determine whether defendant is liable through *respondeat superior*. Here, where it is plausible that the employee was acting within the scope of employment and

defendant does not refute that possibility, any factual dispute is properly left to the jury.  <u>106 N. Broadway, LLC v. Lawrence</u>, 189 A.D.3d 733, 739, 137 N.Y.S.3d 148, 156-57 (2nd Dep't 2020).  Summary judgment is therefore not available.

## CONCLUSION

Defendant's [19] motion for summary judgment is denied.  The case will be set down for a final pretrial conference and trial by separate order.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       November 2, 2023